**BROWN v. ALIQUIPPA & S. R. CO.**

Civil Action No. 5574.

District Court, W. D. Pennsylvania.

Oct. 7, 1947.

Marvin D. Power, of Pittsburgh, Pa., for plaintiff.

Chauncey Pruger, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action by Otto Brown, plaintiff, against the Aliquippa & Southern Railroad Company, a corporation, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages suffered by him from injuries which he received while at work. The jury returned a verdict in his favor in the sum of $2250.

The case is now before us on plaintiff's motion for a new trial. The only reason argued in support thereof was that the verdict was inadequate.

The Court submitted the questions whether the accident was caused by the negligence of the defendant, or its employees, and whether the plaintiff was guilty of contributory negligence, to the jury.

Plaintiff was a brakeman in the yard of the defendant at Aliquippa. On April 22, 1945, he was performing his customary work switching cars when an engine struck him. He was a member of the crew of this engine. The question of negligence submitted to the jury was the question, did the engineer on the engine which struck plaintiff keep a proper lookout and did he give a proper signal of the starting of the engine? The question of contributory negligence was based on the question whether

the plaintiff exercised ordinary care under the circumstances. The jury was instructed that if the defendant was negligent that it should determine whether the plaintiff was guilty of negligence which contributed to his injuries and further, that if they found that plaintiff was negligent, then that they should find what proportion the negligence of plaintiff bore to the total negligence of plaintiff and defendant and to make reduction in their verdict accordingly.

The plaintiff had no expenses for hospital, doctors, nurses or drugs. These items were paid by the defendant. He received workman's compensation benefits while he was off work which was about three months. He returned to the same position after the expiration of the above period and has continued in that position since that time.

I cannot say, under the evidence, that the verdict was inadequate, therefore the motion for a new trial is refused.